E-FILED
Thursday, 17 August, 2017 02:49:19 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>THIRTY-FIVE THOUSAND ONE HUNDRED FIFTY-SEVEN AND 00/100 ($35,157.00) IN U.S. CURRENCY,<br>    Defendant. | Case No. 4:13-cv-04108-SLD-JEH |

**Report and Recommendation**

    The Plaintiff, United States of America, filed its Verified Complaint for Forfeiture of $35,157.00 in United States Currency (Doc. 1) on December 9, 2013. On January 10, 2014, Froilan D. Lule (Lule) filed a Verified Claim (Doc. 6) claiming ownership of the Defendant $35,157.00 (Defendant Currency) seized by law enforcement on July 12, 2013 from Lule's residence during execution of a search warrant. On February 11, 2014, Lule filed an Amended Verified Claim of Interest (Doc. 8). Lule then filed a Verified Answer of Claimant Froiland D. Lule and Demand for Jury Trial (Doc. 9) on March 4, 2014.

    On May 15, 2014, the Plaintiff filed a Motion to Strike for Failure to Respond to Plaintiff's Special Interrogatories and Motion for Entry of Default Judgment (Doc. 11) explaining that Lule failed to return answers to Special Interrogatories by the provided deadline and no other potential claimants filed a claim and answer seeking to defend the Defendant Currency. The Plaintiff requested Lule's claim be stricken and default judgment be entered because Lule failed to respond to the Special Interrogatories and therefore lacked standing to

1

defend or contest this forfeiture action. Lule filed a Motion for Leave to File Response Instanter (Doc. 12), the Plaintiff then filed on September 10, 2014 a Renewed Motion to Strike for Failure to Respond to Plaintiff's Special Interrogatories and Motion for Entry of Default Judgment (Doc. 13), and Lule filed a Response (Doc. 14) to the Plaintiff's Renewed Motion on September 28, 2014. On March 2, 2015, the Court entered an Order (Doc. 15) denying the Plaintiff's Motions to Strike without prejudice and granting Lule's Motion for Leave to File Response Instanter (Doc. 12).

On October 9, 2015, the Court entered an Order to Show Cause (Doc. 17) which laid out the procedural history in this case and noted that the docket reflected no activity since the Court entered its March 2, 2015 Order. The Plaintiff was directed to file a status report within 30 days and the Court explained that in the event the Plaintiff did not seek to meet its burden, the Court may dismiss this action for lack of prosecution.

On October 22, 2015, the Plaintiff filed a Status Report and Motion to Proceed with Discovery (Doc. 18) requesting that the Court enter a scheduling order so that the parties could proceed with discovery in this case. On November 3, 2016, the Court held a Rule 16 Scheduling Conference and discovery deadlines were set. On May 12, 2017, the Plaintiff filed an unopposed Motion to Extend Deadlines (Doc. 22) stating that the parties had been in ongoing negotiations about this case and therefore requested an extension to the discovery and dispositive motion deadlines. That Motion was granted during a Motion Hearing on May 25, 2017. During the Motion Hearing, Lule's counsel explained that he had problems contacting Lule. The case was set for Status Conference on June 26, 2017.

During the June 26, 2017 Status Conference, Lule's counsel explained that he could not find his client to communicate with him and did not have direct

contact with Lule for a couple of years. Lule's counsel estimated that his last direct contact with Lule, while Lule was in prison, was in the earlier months of 2014. The Court directed Lule's counsel to file a Status Report on or about July 26, 2017 outlining his efforts to contact his client. Lule's counsel filed a Status Report on August 16, 2017 (Doc. 23) explaining that the only contact information he had regarding Lule was a phone number for his brother Jose Lule from whom counsel did not receive a response to a text message counsel sent to Jose requesting information to contact Lule. Counsel's records for his other contact – Lule's friend Maria Sanchez – indicated that he previously contacted Sanchez and she had lost contact with Lule and had no information as to his whereabouts. Counsel conducted an internet search to locate any recent public records or social media accounts but was unable to get any helpful leads. Counsel believes Lule still has ties to the area and possibly with further inquiry or the hiring of a private investigator Lule can be found.

In light of the extent of time during which there is no indication Lule attempted to remain in contact with his counsel regarding this case and the unsuccessful efforts expended by counsel in attempting to locate Lule, the Court recommends that Lule's Claim and Answer be stricken for failure to prosecute. *See U.S. v. Approximately $10,000 in U.S. Currency*, No. 1:11-cv-01845, 2013 WL 5314890, at *5 (E.D. Cal. Sept. 20, 2013) (claimant's failure to communicate with the government, respond to discovery, or participate in the litigation amounted to him abandoning his claim and so the government's motion to strike his claim and answer was granted); *U.S. v. Approximately $88,125.00 in U.S. Currency*, No. 3:10-cv-00486, 2013 WL 310062, at *1 (W.D.N.C. Jan. 25, 2013) (ordering claimant's claim and answer stricken as provided by Rule G(8)(c)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions where claimant's lack of diligence rose to the level of abandonment of

his claim). Lule's failure to remain in contact with his counsel and thus his failure to prosecute is evidence of abandonment of his claim to the Defendant Currency. Moreover, as of May 2017, the parties were still engaged in discovery and Lule's continuing absence obviously precludes the successful completion of the discovery stage; his failure to participate amounts to a failure to comply with discovery. *See Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992) (stating that a defendant's failure to comply with discovery orders is properly sanctioned by entry of a default judgment).

By virtue of his absence, Lule precludes the Government from litigating the merits of his claim to the Defendant Currency. *See U.S. v. Thirteen Thousand and 00/100 Dollars ($13,000.00) in U.S. Currency*, No. 14-3158, 2015 WL 1841273, at *3 (C.D. Ill. Apr. 21, 2015) (claimant's failure to properly comply with discovery requests and orders of the court precluded the government from litigating the merits of his claim). Therefore, the Court recommends that Lule's Claim and Answer be stricken and default judgment be entered as there are no other claimants and the time in which to file a claim has expired.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on August 17, 2017.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE